DANIEL CUNNINGHAM *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 172.]

CRIMINAL LAW. *Evidence. Rebutal.*

> Where, on a trial for assault with intent to kill, the state to rebut the defense of malice and threats by the prosecutor, on the issue as to who was the aggressor, showed that the accused had spent four nights with the prosecutor just before the assault, and was well cared for, it was error to refuse to permit the accused to introduce testimony to show that this was not true, although the witness offered had been constantly in the court room during the trial, and was not excluded under the rule with other witnesses.

FROM the circuit court of Union county.

HON. J. B. BOOTHE, Judge.

The appellant, Cunningham, was indicted and tried for and convicted of assault and battery with intent to kill one Giles Stacy, and sentenced to the penitentiary for three years, from which conviction and sentence he appealed to the supreme court.

To prove its case the state introduced only one witness, Stacy, the person assaulted, who testified that appellant had shot him without provocation. The state having closed its case, appellant, claiming that he shot in self-defense, offered testimony to show malice on Stacy's part toward appellant, evidenced by overt threats against appellant's life, which were communicated to appellant not only by other persons but also by Stacy himself, before the shooting. Appellant himself testified that Stacy was the aggressor, having first drawn a pistol upon appellant before appellant shot him. In rebuttal the state recalled Stacy, who denied having uttered such threats and testified that instead of being inimical to appellant, his relationship to him prior to the shooting was friendly, and that just before the date of the shooting appellant, while engaged in work near by, had spent four nights with witness, and had eaten meals with him during this time, in his home. Appellant thereupon in turn sought to show by one Coleman that the testimony of Stacy in rebutttal was not true, because, during the four days stated, appellant had been constantly in the employ of Coleman. Objection was made by the state to the admissibility of Coleman's testimony because such witness had not been placed under the rule, but had been constantly in the court room during the trial. Over the protest of appellant that the presence of the witness in the room during the trial should not preclude appellant from using him as a witness, inasmuch as appellant had been given no notice of, and could not have anticipated, Stacy's testimony in rebuttal, the court sustained the objection. This action of the court is assigned for error.

C. Lee Crum, for appellant.

Appellant's testimony showed that he shot Stacy simply because Stacy at the time was trying to shoot him; that Stacy had followed him to the point where the shooting occurred for the purpose of killing him; and that Stacy had for four days prior

thereto made· threats of personal violence against him, which threats were known to appellant before the difficulty. Although denied by Stacy, it was shown by appellant's witnesses that Stacy at the time of the shooting had a pistol with which he said, only a very short while before the shooting, that he was going to kill appellant. These facts showed malice on Stacy's part toward appellant.

To rebut such evidence, the state introduced Stacy in rebuttal, and for the first time sought to show that there was no malice on Stacy's part, and that the appellant had been entertained at Stacy's home for four nights before the shooting, and that Stacy had cooked appellant's meals during this time. The appellant had not the slightest intimation that this proof would be made until it was made. Moreover, it certainly would not have been competent for appellant to have proved that he had not been entertained by Stacy, and had not eaten at his table during the four days stated, until affirmative testimony to this effect had been introduced by the State.

If the jury believed Stacy's testimony in rebuttal, the result was to discredit appellant's testimony as to malice on Stacy's part toward appellant. It is the contention of appellant that he should have been permitted to deny this affirmative testimony of Stacy on rebuttal by introducing Mr. Coleman, a white witness, to prove that such testimony of Stacy was absolutely and unqualifiedly false; that the appellant during these four days had been at Mr. Coleman's home engaged in sawing wood, hence had not been anywhere near Stacy. The refusal of the court to allow such evidence was prejudicial to appellant. *Mixon* v. *State,* 55 Miss., 525; *Brabston* v. *State,* 68 Miss., 208 (s.c., 8 South. Rep., 326).

The question of enforcing a rule against a witness whose testimony could not have been anticipated is a matter within the sound discretion of the court, and must in every case be exercised in such a way as not to prejudice the rights of accused.

There was no testimony to show the guilt of appellant except

the testimony of Stacy himself, and if the appellant had been allowed to show by himself and Coleman that he, appellant, had not lodged and eaten at Stacy's house as Stacy testified, it would have tended to discredit Stacy's testimony and also have strengthened the theory of appellant's defense, which was that Stacy entertained malice toward appellant and had repeatedly expressed an intention to kill appellant, which was known to appellant before the shooting.

*R. V. Fletcher,* assistant attorney-general, for appellee.

Whether the court erred in refusing to allow testimony to be introduced to controvert Stacy's testimony on rebuttal is respectfully submitted to the court.

CALHOON, J., delivered the opinion of the court.

The gist of the defense was malice, and threats by Stacy, the man assaulted, to throw light on the question as to who was the aggressor. To rebut this the state recalled Stacy to show that defendant had spent four nights with him just before this shooting and was well cared for. The court then refused to permit the defendant to introduce testimony to show that this was not true. This we think was error.

*Reversed and remanded.*